Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

MAR 03 2023

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

DENNIS A. SMITH #65786-060 )
FCI - Gilmer )
P O Box 6000 )
Glenville, WV 26351 , )
(Full name under which you were convicted, )
prison number, place of confinement, and )
full mailing address) )
)
)
           Petitioner, )
)
vs. )
)
R. BROWN - Warden , )
(Name of Warden or other authorized person )
where you are incarcerated) )
)
           Respondent. )
)

**Petition for Habeas Corpus**
**Pursuant to 28 U.S.C. § 2241**

Civil Action No. 3:23-CV-58
(to be assigned by Clerk)
Groh-Trumble-Sims

**Important notes to read before completing this form:**

★   Please read the entire petition before filling it out. Answer **only** those questions which pertain to your claim(s).

1. This petition concerns (check the appropriate box):

    ☐ a conviction
    ☒ a sentence
    ☐ jail or prison conditions
    ☐ prison disciplinary proceedings
    ☐ a parole problem
    ☐ other, state briefly: _____

Attachment A

_____
_____
_____

2. Are you represented by counsel?  ☐ Yes  ☒ No

   If you answered yes, list your counsel's name and address: _____
   _____
   _____

3. List the name and location of the court which imposed your sentence:
   U.S.Districtt Court for Northern District of Ohio
   _____

4. List the case number, if known: 1:18-CR-370

5. List the nature of the offense for which the sentence was imposed:
   Distribution of Heroin, Fentanyl, and Carfentanil
   _____
   _____

6. List the date each sentence was imposed and the terms of the sentence:
   March 14, 2019, a sentence of 150 months imposed
   _____
   _____

7. What was your plea to each count? (Check one)

   ☒ Guilty
   ☐ Not Guilty
   ☐ Nolo Contendere

Attachment A

8. If you were found guilty after a plea of not guilty, how was that finding made?

   ☐ A jury
   ☐ A Judge without a jury
   ☐ A Magistrate Judge without a jury

9. Did you appeal from the judgment of conviction or imposition of the sentence?

   ☒ Yes   ☐ No

10. If you did appeal, give the following information for each appeal:

    A. Name of Court: Sixth Circuit Court of Appeals
    B. Result: Affirmed
    C. Date of Result: June 5, 2020
    D. Grounds raised (List each one): Whether the plea agreement waived defendant's right to contest issues created by the First Step Act?; and was the defendant improperly sentenced as a career offender?

    Note: if you filed an appeal in more than one court, attach an additional sheet of paper of the same size and give all of the information requested in Question 10, A through D.

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? This is called a post-conviction pleading.

    ☒ Yes   ☐ No

    If your answer was yes, complete the following sections:

    A. First post-conviction proceeding:
       1. Name of Court: Northern District of Ohio

Attachment A

    2. Nature of Proceeding: <u>Motion to Vacate (28 USC § 2255)</u>
    3. Grounds Raised: <u>Improperly sentenced as a career offender</u>
    4. Did you receive an evidentiary hearing? ☐ Yes ☒ No
    5. Result: <u>Denied</u>
    6. Date of Result: <u>July 14, 2022</u>

B. Second post-conviction proceeding:
    1. Name of Court: _____
    2. Nature of Proceeding: _____
    3. Grounds Raised: _____
    4. Did you receive an evidentiary hearing? ☐ Yes ☐ No
    5. Result: _____
    6. Date of Result: _____

C. Did you appeal to the result of the post conviction proceeding(s) to the highest court having jurisdiction?
    1. First proceeding: ☒ Yes ☐ No  Result: <u>Affirmed</u>
    2. Second proceeding: ☐ Yes ☐ No  Result: _____

D. If you did not appeal the adverse result of the post-conviction proceeding(s), explain briefly why not: _____

12. For your information, the following is a list of the most frequently raised grounds for relief in applications for habeas corpus pursuant to 28 U.S.C. §2241. You may raise any grounds which you may have other than those listed. However, in this application, you should raise all available grounds on which you base your petition. **Do not check** any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. **The petition will be returned to you if you merely check one or more of the grounds:**

    A. U.S. Parole Commission unlawfully revoked my parole.
    B. Federal Bureau of Prisons unlawfully computed my sentence.

Attachment A

C. Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
D. Federal Bureau of Prisons or State prison system unlawfully revoked my good time credits.
E. There is an unlawful detainer lodged against me.
F. I am a citizen and resident of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
G. The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a §2254 petition or a §2255 motion.

**CAUTION: if you fail to set forth all of the grounds in this petition at this time, you may be barred from presenting additional grounds at a later date.**

State clearly every ground on which you are seeking relief. Summarize briefly the facts supporting each ground. If necessary, attach a total of five (5) typed or ten (10) neatly printed pages maximum for all grounds and all attachments.

A. Ground one:
THE PETITIONER WAS SUBJECTED TO AN IMPROPER ENHANCED SENTENCE FOR BEING A CAREER OFFENDER BASED ON A PRIOR STATE OF OHIO CONVICTION FOR AGGRAVATED ROBBERY WHICH IS NOW RECOGNIZED AS NOT QUALIFYING FOR BEING A CRIME OF VIOLENCE

Supporting facts: tell your story briefly without citing cases or law. You are cautioned that you must state facts, not conclusion, in support of your grounds. A "rule of thumb" to follow is this: who did exactly what to violate your rights at what time and place).
Following petitioner's guilty plea and sentencing in 2018, to violating 21 USC § 841(a) & (b)(1)(C), the predicate employed to enhance his sentence as a career offender was held not to be a crime of violence. The Pre-Sentence Report included petitioner's prior state conviction for the

- CONTINUED -

B. Ground two:

CONTINUED, from GROUND ONE (Page 10);

aggravated robbery conviction which occurred in the State of Ohio, in the year of 2001. A violation of Ohio Revised Code § 2911.01, was charged. Omitted from the indictment was any reference to a subsection of the statute.

Identical facts are set-forth in United States v. King, 2016 U.S.Dist.LEXIS 195414 (N.D.Ohio), where the Government conceded that King's aggravated robbery conviction did not qualify as a predicate offense for purposes of the "Armed Career Offender" enhancement. While the court found that Ohio Revised Code § 2911.01 undoubtedly covers some behavior requiring physical forcee, the statute also covers a range of behaviors that do not include "the use, attempted use, or threatened use of physical force against the person of another." Id. But, since the Government was unable to identify under which subsection of § 2911.01 defendant King was convicted, then his aggravated robbery was not a qualifying violent felony conviction under the Armed Career Offender Act. Id. Thus, the Government's concession precluded the use of King's aggravated robbery conviction as an ACCA predicate offense. An identical ruling should be made regarding the present petitioner's sentence, since it was error to use the aggravated robbery as a predicate.

The indictment that issued for the aggravated robbery alleged, as follows:

> The Grand Jurors, on their oaths, further find that the Defendant(s), unlawfully, did, in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense upon Roger Staton, have a deadly weapon to-wit: firearm, on or about his person or under his control and either displayed the weapon, brandished it, indicated that he possessed it, or used it.

State of Ohio vs. Dennis Smith, No. CR 415529 (September Term of 2001). No sub-section of the statute was charged.

In United States v. King, supra, the defendant filed a Motion to Vacate (28 USC § 2255), which was forwarded to the Sixth Circuit because it was not his firts motion. The Sixth Circuit granted King's motion to file a "Second or Successive" motion to vacate, set aside, or correct his sentence, and transferred the matter to the district court. Supplemental briefing was ordered. In its subsequent ruling, the district court found that King's sentenced had been enhanced pursuant to the Armed Career Criminal Act ("ACCA"). "At issue is whether this enhancement remains appropriate after in light of recent Supreme Court decisions." Id. at * 3.

After reviewing the applicable Supreme Court decisions that King relief upon, the district court concluded that the

functionally - if not explicitly - concedes that King's aggravated robbery conviction does not qualify as a predicate offense. Id. at * 4-6. "Here, the aggravated robbery statute (Ohio Revised Code § 2911.01) in effect when King was convicted in 1974 undoubtedly covers some behavior that implicates physical force, but the statute also covers a range of behaviors that do not include 'the use, attempted use, or threatened use of physical force agaainst the person of another.'" Id. at * 6. Since the Government acknowledged that it was unable to establish under which subsection of § 2911.01 King was convicted, the court found that the Government's concession precluded the use of King's aggravated robbery conviction as a ACCA predicate. The same reasoning applies equally to the instant petition, entitling this petitioner to resentencing.

Attachment A

_____
_____
_____
_____
_____

Supporting facts: _____
_____
_____
_____
_____
_____

C. Ground three: _____
_____
_____
_____
_____
_____

Supporting facts: _____
_____
_____
_____
_____
_____

D. Ground four: _____
_____
_____
_____
_____
_____

Attachment A

Supporting facts: _____
_____
_____
_____
_____
_____

13. Were all of the above grounds presented to another court, state or federal? If not, state which grounds were not presented. If yes, state the name of the court, date of decision, and the nature of the outcome:
Gound One was not previously presented
_____
_____
_____
_____

14. If this petition concerns prison disciplinary proceedings, a parole problem, computation of sentence, or other case under 28 U.S.C. § 2241, answer the following questions:

   A. Did you present the facts in relation to your present petition in the prison's internal grievance procedure?

   ☐ Yes   ☐ No

   1. If your answer to "A" above was yes, what was the result:
   _____
   _____
   _____
   _____

Attachment A

2. If your answer to "A" above was no, explain:
_____
_____
_____

B. If you are a federal prisoner, did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

☐ Yes  ☐ No

1. If your answer to "B" above was yes, what was the result:
_____
_____
_____

2. If your answer to "B" above was no, explain:
_____
_____
_____

15. Relief: State here, as briefly as possible, exactly what you want the court to do for you:

1. Make **no** legal arguments.
2. Cite **no** cases or statutes.

To order the petitioner's sentence vacated, and to direct resentencing without enhancement for being a career offender.
_____
_____
_____
_____

Attachment A

16. If a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention.

_____
_____
_____
_____
_____
_____
_____

Signed this __27__ day of __Feb.__, __2023__.
         (day)         (month)         (year)

_____
Your Signature

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct.

Date of Signature: __2/27/2023__   _____
                                                                 Your Signature